IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM GRIFFEY,                              )
                                           )
                Plaintiff                  )        Civil Action No. 07-1457
                                           )
        vs.                                )
                                           )
DAVID COLECHIA, Attorney,                  )        Magistrate Judge Amy Reynolds Hay
                                           )
                Defendant                  )
                                           )

## OPINION

HAY, Magistrate Judge

        Adam Griffey ("Plaintiff"), at the time of filing this civil rights action, was a federal

prisoner incarcerated in the United States Penitentiary at Big Sandy.[1]  He seeks, under the Civil

Rights Act, 42 U.S.C § 1983, to sue his defense attorney in a criminal case that occurred,

according to the face of the complaint, in the "year of 1999." Dkt. [7].   Because he seeks to sue

his defense attorney under Section 1983 of the Civil Rights Act, and a defense attorney does not

act under color of state law, the case is properly dismissed for failure to state a claim.

        *Relevant Facts and Procedural History*

        According to the complaint, in the year of 1999, before the District Magistrate in Jeanette,

Pennsylvania, Plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment rights were denied him

---

        [1]  In the interim, it appears that he has been transferred to several other facilities and is now
located at USP Terre Haute, Indiana.  Plaintiff has not informed the court of this change of address
notwithstanding an Order of Court to do so.  The court takes judicial notice of the fact of Plaintiff's
current place of confinement as indicated on the BOP's website available at:

        http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&Last
Name=Griffey&Middle=&FirstName=adam&Race=U&Sex=U&Age=&x=0&y=0

by the actions or inactions of his defense attorney, David Colecchia. The entirety of the complaint against Attorney Colecchia is as follows:

> David Colecchia failed to file motions to dismiss my case on the grounds of my 4th amendment being violated[;] failed to try to find witnesses for me after being told by me to find them. And that my rights were not read[,] he [Attorney Colechia] never questioned this. Violating my 6th Amendment, therefore I was compelled and coerced into pleading guilty[,] violating my 5th Amendments [sic]. Therefore in all violating my 14th amendment. Overall his misrepresentation cost me to go to jail, depriving me of my liberty, immunities, and privledges [sic].

Dkt. [7] at 2, ¶IV. C. By way of relief, Plaintiff seeks to have Attorney Colecchia "pay compensatory damages and punitive damages for failing in his duties as a lawyer. . . ." Id. at 3, ¶ VI. The Court takes judicial notice of the dockets of the Westmoreland County Court of Common Pleas, which reveal the fact that Petitioner pleaded guilty to the charges in the case of Commonwealth v. Adam Griffey, CP-65-CR-0003731-1999 (Westmoreland County CCP).[2]

In this case, Plaintiff was granted his request to proceed in forma pauperis, Dkt. [6] and the complaint was filed. Dkt. [7].[3] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, Plaintiff consented to have a United States magistrate judge conduct all proceedings in this case, including the entry of a final judgment. See Dkt. [8].

---

[2] The dockets of the case are available at

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=3024950&arch=0&ST=12/14/2007%209:15:12%20AM

Those dockets further reveal that Attorney David Colecchia's last name is correctly spelled "Colecchia" and not "Colechia" as Plaintiff has it in the complaint. Other than for direct quotes from the complaint, the Court will use the correct spelling.

[3] The Court notes that Plaintiff filed a very similar civil rights complaint against Attorney Colecchia at Civil Action No. 07-1492. The main difference being that whereas the instant case focuses on Attorney Colecchia's conduct pre-trial and at the District Magistrate's proceedings, the complaint in 07-1492 appears to focus on Attorney Colecchia's conduct after the District Magistrate proceedings had concluded and Plaintiff was bound over for trial.

*Applicable Legal Principles*

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that–  (A) the allegation of poverty is untrue;  or  (B) the action or appeal– (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or   (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Here, Plaintiff has been granted IFP status, Dkt. [6], and is a prisoner within the meaning of 28 U.S.C. § 1915.[4]  Thus, Section 1915(e)(2) is applicable herein.  Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127

---

[4] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

(9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));  Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  Although the plaintiff need not provide detailed factual allegations to support the claims set forth in the complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  See Fed. R. Civ. P. 8(a)(2).  Rather, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face" so as "to raise a right to relief above the speculative level."  Id. at 1965, 1974.  See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action"). The issue, however, is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may, in performing its screening under 28 U.S.C. § 1915(e), consider matters of which it may take judicial notice. <u>See</u>, <u>e.g.</u>, <u>Lloyd v. United States</u>, No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, <u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

### *Discussion*

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is apparently seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. <u>See</u>, <u>e.g.</u>, <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the

United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir. 1981)(where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

In order to establish a Section 1983 cause of action, a plaintiff must allege: (1) that there was a person acting under color of state law; (2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Even reading Plaintiff's complaint liberally, the complaint fails to state a claim against Attorney Colecchia, because the acts of a criminal defendant's attorney are not acts committed under color of state law as is required to state a claim under Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

In Polk County, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. Id. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." Id. at 325.

Likewise here, the complaint reveals liability premised only upon Defendant Colecchia's actions or inactions in connection with his performing a lawyer's traditional functions as counsel to the criminal defendant. Reading the complaint liberally, it appears that Plaintiff complains of both acts and omissions by Defendant Colecchia in the course of Colecchia's acting as Plaintiff's defense attorney. Nevertheless both a defense attorney's actions and failures to act in the course of representing a criminal defendant fall within <u>Polk County</u>'s ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and, thus, are not accomplished "under color of state law." <u>See</u>, <u>e.g.</u>, <u>Smith v. Haith</u>, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992)("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"). Indeed, even accusations of malfeasance[5] in the course of representing a criminal defendant, are not enough to render the actions of a criminal defendant's attorney cognizable in a Section 1983 suit. <u>See</u> <u>e.g.</u>, <u>Ponchik v. Kloak</u>, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989)("Consequently [plaintiff-] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the complaint fails

---

[5] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

to allege a cause of action under Section 1983 against Attorney Colecchia, the complaint is

properly dismissed.[6]  An appropriate Order follows.

/s/ *Amy Reynolds Hay*
_____United States Magistrate Judge


Dated:  28 January, 2008


cc:     Adam Griffey
        06869-068
        USP Terre Haute
        P.O. Box 33
        Terre Haute, IN  47808

---

[6]  The complaint does not allege whether Attorney Colecchia is a public defender or a court-appointed attorney (other than from the public defender's office) or is privately retained.  This omission does not matter because a criminal defense attorney does not act under color of state law irrespective of whether he is a public defender, a court appointed private attorney or a privately retained attorney.  See, e.g., Ward v. Ghee, 8 F.3d 823 (Table),  1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained,  *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).").  The court takes judicial note of the fact that the Westmoreland County dockets in Plaintiff's case describes Attorney Colecchia as "court appointed." The Court takes this to mean that Attorney Colecchia was a private attorney appointed by the court to represent Plaintiff and not a public defender but again, it matters not for disposing of this case.